UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FAMOUS JOE'S PIZZA, INC., <br> a New York Corporation, <br><br>             Plaintiff, <br><br>    -against- <br><br> LITTLE JOE PIZZA, INC., a New York <br> Corporation d/b/a LITTLE JOE'S PIZZA; <br> NATALIA RAMIREZ, an individual; SERGIO <br> RAMIREZ, an individual; and JOHN DOES 1-5. <br><br>          Defendants. | ECF CASE   JUDGE WOODS <br><br> Civil Action No. <br><br><br> COMPLAINT <br><br><br> JURY TRIAL DEMANDED |



RECEIVED
DEC 10 2014
U.S.D.C. S.D. N.Y.

Plaintiff Famous Joe's Pizza, Inc., for its complaint against the Defendants herein states as follows on knowledge as to Plaintiff and otherwise on information and belief:

## INTRODUCTION

1.    Plaintiff's related company opened its first pizza restaurant in 1975 at 233 Bleecker Street, New York, NY, at the corner of Bleecker and Carmine. **Exhibit A** is an image of a photograph of the first restaurant at 233 Bleecker Street. In 1996, Plaintiff opened a second location at 7 Carmine Street in New York City, New York, a few storefronts down from the 233 Bleecker Street corner. **Exhibit B** an image of a photograph of Plaintiff's current restaurant at 7 Carmine Street. After co-existing for a number of years, the original Bleecker location closed and Plaintiff continued only at 7 Carmine Street.

2.    In 2013, Plaintiff granted it first trademark license to a pizza restaurant which opened at 150 East 14th Street, near the corner of Third Avenue, also in New York City, and operates

under the name Sevillian Group LLC ("Plaintiff's Licensee"), and said restaurant now uses Plaintiff's marks under said license.  **Exhibit C** is an image of a photograph of the 14th Street restaurant.

3.        Since its beginnings in 1975, Plaintiff's restaurant has been widely known as "Joe's Pizza."    In addition to the instantly recognizable mark JOE'S PIZZA (Stylized) which Plaintiff has used since at least December 1983 on its front signage and otherwise, Plaintiff recently adopted a distinctive JOE'S PIZZA Logo which incorporates the JOE'S PIZZA (Stylized).  The restaurants prominently use the marks JOE'S PIZZA (Stylized) and the current locations also use the mark JOE'S PIZZA Logo, as can be seen in Exhibit B and C.  Plaintiff has plans to further expand its locations in New York City in particular, regionally, nationally and internationally, either on its own or via licensees.

4.        Plaintiff owns a U.S. registration of the service mark JOE'S PIZZA (Stylized). A copy of this registration is annexed hereto as **Exhibit D.**  In addition, Plaintiff owns a U.S. registration of the service mark JOE'S PIZZA Logo.  A copy of this registration is annexed hereto as **Exhibit E.**

5.        Without Plaintiff's consent, and knowing full well of Plaintiff and its esteemed reputation and abundant goodwill, the Defendants (including a now ex-employee of Plaintiff's Licensee) opened a pizza restaurant under the name LITTLE JOE'S PIZZA on or about November 20, 2014.  **Exhibit F** is an image of a photograph showing the signage on the front of Defendants' restaurant.  Defendants' restaurant is located at First Avenue, near the corner of East 2nd Street, in New York, NY – a location that is walking distance from the East 14th Street restaurant and very close to Plaintiff's 7 Carmine Street location.

2

6.      Defendants' use of the mark LITTLE JOE'S PIZZA contravenes Plaintiff's valuable trademark rights, and blatantly infringes Plaintiff's federally registered trademarks.

7.      Further, Defendants, in the promotion and marketing of their new pizza business, used on their website and at their restaurant photographs taken at Plaintiff's business which show Plaintiff's registered marks, and thus Defendants are liable for counterfeiting each of Plaintiff's registered marks. These photographs further show Plaintiff's celebrity customers, and by appearing on the website and the walls of Defendants' restaurant, suggest or imply that those celebrities endorse Defendants' business, or that Plaintiff's and Defendants' respective restaurants are related, which is not the case.

8.      All of Defendants' acts have already and will undoubtedly continue to cause confusion and irreparable harm to Plaintiff's reputation and goodwill and must be preliminarily and permanently enjoined.

## THE PARTIES

9.      Plaintiff is a corporation organized and existing under the laws of the State of New York with an office and principal place of business at 7 Carmine Street, New York, NY.

10.      Defendant Little Joe Pizza, Inc., is a corporation organized under the laws of the State of New York with a principal place of business at 26 First Avenue, New York, NY 10009, where it opened a pizza restaurant under the name LITTLE JOE'S PIZZA.

11.      Defendant Natalia Ramirez is an individual who owns defendant Little Joe Pizza, Inc. ("Little Joe's Pizza").  Natalia Ramirez manages, controls and operates the business and, as such, she is responsible for the tortious acts of Little Joe's Pizza.  Little Joe's Pizza is so dominated and controlled by Natalia Ramirez that said individual and the corporate defendant are

interchangeable with one another.

12.     Defendant Sergio Ramirez is an individual who was, until the infringing and unfair actions alleged herein were discovered, an employee of Plaintiff's Licensee.  Sergio Ramirez is now an employee of Defendant Little Joe's Pizza and the husband of Natalia Ramirez.  While he was employed by Plaintiff's Licensee, Sergio Ramirez worked as a delivery man and as a cashier. Sergio Ramirez never made pizza at Plaintiff Licensee's restaurants.

13.     There may be additional persons or entities involved in the infringement of Plaintiff's rights and Plaintiff, therefore, sues them by fictitious names John Does 1 through 5. Plaintiff has yet to confirm the true identities and acts of participation of Does 1 through 5, inclusive, and therefore must now sue them by such fictitious names.  Plaintiff is informed and believes that each of the Defendants designated as a Doe is liable in some manner for the acts and omissions, damages and injuries of which Plaintiff alleges in this Complaint.  Plaintiff will seek to amend the Complaint to state the true identities of Does 1 through 5 when ascertained.

<u>JURISDICTION AND VENUE</u>

14.     This action arises under the trademark laws of the United States, the Lanham Trademark Act of the United States, 15 U.S.C. § 1051 et seq., and under the statutory and common laws of the State of New York.

15.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338(a), the Lanham Trademark Act of the United States, 15 U.S.C. § 1121, et seq. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367(a).

16.     This Court has personal jurisdiction over Defendants because the Defendants are doing business in the State of New York through a restaurant located in New York City, the

named corporate defendant is a New York Corporation, and the named individual Defendants also reside in the State of New York.

17.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because this is an action brought pursuant to the Lanham Trademark Act, Defendants conduct business in this judicial district, the corporate defendant is subject to personal jurisdiction here, and the events giving rise to the allegations of this complaint occurred in this district.

BACKGROUND

A. History of Joe's Pizza and Its Reputation and Goodwill

18.     Plaintiff's founder,  Pino Pozzuoli ("Pozzuoli"), now in his late 70's and still putting time and energy into the business he created, first opened pizza restaurants in Boston in the 1960's, after moving to the USA from Italy.  Those restaurants were successful and Pozzuoli sold the businesses, anticipating a move out of Boston.

19.     In 1974, Pozzuoli settled in NYC, and by early 1975, he opened the now heralded pizza restaurant at 233 Bleecker Street, New York, NY, on the corner of Bleecker and Carmine in Greenwich Village.  He first began to use the name and mark JOE'S PIZZA to operate the business because "Joe" is the English equivalent of his Italian given name "Pino."  Pozzuoli put up his now famous JOE'S PIZZA (Stylized) signage on both the Bleecker and Carmine sides of the first restaurant in about 1983, and has used the mark in that distinctive stylized font since 1983.

20.     To keep up with kitchen demand, in 1996, Pozzuoli opened a second location of a few doors down the street, at 7 Carmine Street.  After Pozzuoli opened the second location, he used the same JOE'S PIZZA (Stylized) on the restaurant signage, and he placed an image of his Bleecker Street storefront in a frame and displayed it prominently on a wall of the 7 Carmine Street

restaurant, so there was no doubt that anyone seeing the business at 7 Carmine would associate it with the 233 Bleecker restaurant.  Over the years, both the mark JOE'S PIZZA (Stylized) and the Bleecker Street storefront image became distinctive of Plaintiff's pizza restaurant services.

      21.     With many years of hard work and long hours, Pozzuoli made the business the well-known pizza restaurant that it is today, as popular with the local residents as with the bridge and tunnel crowd that would form lines out the door to get a quick bite after a night on the town.  It even has an international following.

      22.     Through these years, Plaintiff's business received much publicity, acclaim and was written about and reviewed in many publications.  That publicity included, in 1996, New York Magazine naming JOE'S PIZZA "*Best of New York.*" This was New York Magazine's yearly double issue that features some of the most popular restaurants, bars, clubs etc.  The article describes Plaintiff's pizza as *"the quintessential New York slice."* **Exhibit G.**

      23.     New York Magazine has given JOE'S PIZZA many positive reviews over the years.  In one review, the magazine referred to JOE'S PIZZA as "*a Greenwich Village institution."* **Exhibit H.**

      24.     Time Out New York, a magazine that focuses on arts, leisure, recreation and dining in New York, often lists JOE'S PIZZA as one of the top Pizza shops.  In the November 30, 2006 issue, which features a cover story about pizza, JOE'S PIZZA is ranked as number 5, and is specifically noted as one of the best late night pizza destinations in NYC.  **Exhibit I.**

      25.     Also, the New York Post printed an article called "PIZZA WARS" and included a photograph of JOE'S PIZZA and competitor Dominos.  The article included a comparison and portrayed JOE'S PIZZA's pizza quite favorably.  **Exhibit J.**

26.     JOE'S PIZZA has been a stop on several tour bus lines that bring in tourists from all over the world. Scott's Pizza Tours (see http://www.scottspizzatours.com) featured JOE'S PIZZA as one of the key stops on their New York walking tour, noting that: "If Kevin Spacey, Kevin Bacon, Ben Affleck and thousands of New Yorkers are right, Joe's is the greatest slice of pizza in the world." See **Exhibit K**.

27.     JOE'S PIZZA has appeared in many films, TV Shows and various other print media through the years.  The business is often scouted by filmmakers seeking an authentic New York backdrop.  Over the years, there were several instances where filming was also done inside the location.  Films and TV shows where JOE'S PIZZA can be seen include:

> Fatso (1980)
>
> Law & Order (1990s)
>
> The Night We Never Met (1993)
>
> Along Came Polly (2004)
>
> Looking For Kitty (2004)

28.     JOE'S PIZZA was also seen on popular morning talk shows such as the REGIS AND KELLY show.  There was a segment on the staff's favorite places to eat in Manhattan and Kelly even interviewed Pino Pozzuoli on the show.

29.     Extensive shooting at JOE'S PIZZA was done for the film SPIDERMAN 2, starring Toby Maguire as Peter Parker/Spiderman, in 2004.  JOE'S PIZZA is in fact one of the key locations for the movie.  In the storyline, it is where the central character Peter Parker works.  JOE'S PIZZA is prominent in the entire opening sequence of the film as the central character is faced with the daunting task of delivering some of JOE'S PIZZA pies through crowded New York City streets.

30.     SPIDERMAN 2 was a tremendous box office success and the third highest-grossing film of that year.  According to the Internet Movie Data Base (imdb.com) it is 24th in all-time USA box office gross.  The SPIDERMAN films remain very popular.  JOE'S PIZZA still receives phone calls from comedy radio shows asking (in good fun), why did the business "fire" Peter Parker?  Photographs of Peter Parker working for JOE'S PIZZA are included as **Exhibit L**.

31.     JOE'S PIZZA was also used in a subway ad campaign for the popular HBO series, <u>Sex and the City</u>.  This ad campaign showed the star of the series Sarah Jessica Parker playing Carrie Bradshaw, immersed in the daily New York City experience.  Some of the posters showed her in a yellow taxi cab.  Others showed her on a pay phone (this was the late 90s when cell phone use was not yet ubiquitous) and in other ads, she was shown eating a pizza slice at JOE'S PIZZA's outdoor tables.  Apparently, nothing quite captured "the City" as well as the yellow taxi cab, the NYC-styled pay phone, and JOE'S PIZZA! See **Exhibit M**.

32.     JOE'S PIZZA has received many unsolicited celebrity endorsements.  Film star Ben Affleck has often stated how he is a fan.  In the April 10, 2004 <u>New York Post</u>, he said, *"There are tons of pizza places all over New York.  It definitely has the best pizza in the world.  But Joe's is the best of the best."* See **Exhibit N**.

33.     In 2002, Nike featured JOE'S PIZZA storefront in a commercial.  The commercial, entitled Jason Giambi "Goes Yard," portrays a series of NYC images marked by distances from where Jason Giambi, a then famous Yankee player, is about to hit the ball.  In the stadium there is seen a 399 feet distance.  The Roseland Ballroom is at 26,826 feet distance, the Empire State Building is at 29,287 feet, the Verrazano Bridge is at 92,874 feet away, the Station Island Ferry is 78,315 feet away and also there is a screen shot of the JOE'S PIZZA at 10,502 feet

8

away.  The  commercial  can  be  seen  at  Plaintiff's  website  at
http://www.joespizzanyc.com/files/42496534.MPG.  And a screen shot of the storefront in the
commercial showing its distance from Giambi is reproduced below:



34.  Even the computer game GRAND THEFT AUTO III featured an image of
JOE'S PIZZA's storefront as part of its effort to replicate an authentic NYC backdrop.  Appearing in
that game is an artist's rendition of the image of one side of Plaintiff's storefront at 233 Bleecker.
See the below screenshot from the computer game.  At least 15 million copies of the game have sold
and all those using the game identify the distinctive JOE'S PIZZA (Stylized) with Plaintiff's
business:



B. <u>Plaintiff's Trademark Registrations</u>

      35.     As noted above, Plaintiff has registered its long used trademark JOE'S PIZZA (Stylized) with United States Patent and Trademark Office and owns all right, title and interest in and to the mark JOE'S PIZZA (Stylized), shown below:

*Joe's* **PIZZA**

This mark is the subject of U.S. Registration No. 4,333,540 issued by the United States Patent and

Trademark Office on May 14, 2013 in connection with restaurant services featuring pizza and take-out restaurant services, and cites a date of first use at least on or before December 31, 1983.  See Exhibit D hereinabove.

36.     Plaintiff also owns all right, title and interest in and to the mark herein referred to as JOE'S PIZZA Logo:



This mark is the subject of U.S. Registration No. 4,402,507 issued by the United States Patent and Trademark Office on September 17, 2013 in connection with restaurant services featuring pizza, and for take-out restaurant services, and cites a date of first use of March 2012, and at least as early as December 31, 1983 in an earlier form.  See Exhibit E hereinabove.

C. Defendants' Unlawfully Competing Acts and Operations

37.     On or about November 20, 2014, Defendants opened a pizza restaurant located at 26 First Avenue, New York, NY, and named it LITTLE JOE'S PIZZA.

38.     On the date that Defendants' LITTLE JOE'S PIZZA opened, Defendant Sergio  Ramirez, was an employee of Plaintiff's Licensee, and had told his employer that he was taking off a few weeks to go on vacation to his native country of Mexico.

39.     Sergio's name is not Joe.  No one affiliated with Defendants' business named

Joe, and even if that were the case, Plaintiff's statutory and common law trademark rights would prevail over any such user.

40.     The exterior of Defendants' pizza restaurant displays signage that shows a JOE'S PIZZA mark in a form that is confusingly similar to the JOE'S PIZZA (Stylized) mark.  See Exhibit F referenced hereinabove, which image is reproduced below:



On the inside of the restaurant, Defendants hung numerous photos of Defendant Sergio Ramirez , taken at Plaintiff's restaurant at Carmine and/or at East 14th Street, including images of Sergio Ramirez with JOE'S PIZZA's celebrity customers, such as Ricky Martin, John Leguizamo,  Drake and Kirsten Dunst (who co-stared in Spiderman).  In the photos, Sergio Ramirez is seen wearing t-

shirts featuring Plaintiff's registered JOE'S PIZZA (Stylized) mark and the JOE'S PIZZA Logo, as well as other t-shirts worn by JOE PIZZA employees at various times, including a t-shirt which promoted Plaintiff's business as being featured in New York Magazine (see Exhibit H).  These photographs are annexed as **Exhibit O**.

42. Defendants' intentionally displayed these images of Plaintiff's business and of Sergio Ramirez with JOE PIZZA's customers wearing the t-shirts showing Plaintiff's trademarks so that customers seeing the photos at Defendants' restaurant would think that Defendants' pizza restaurant is associated with Plaintiff and its business, or is a licensee of Plaintiff.

42. Defendants' also created and uploaded a website containing these images. The fifteen photos displayed on Defendants' website are annexed as **Exhibit P**.   On their website, Defendants also use the mark LITTLE JOE'S PIZZA which is a confusingly similar copy of Plaintiff's JOE'S PIZZA (Stylized). See **Exhibit Q**.

43. Defendants' website is operated at internet domain littlejoespizzanyc.com , which was registered on November 13, 2014.  See annexed **Exhibit R**.  Defendants' domain name littlejoespizzanyc.com incorporates the entirety of Plaintiff's trademark JOE'S PIZZA, as well as Plaintiff's internet domain which is joespizzanyc.com, and was created to mimic Plaintiff's domain name.

44. Upon information and belief, Defendant Sergio Ramirez created and/or directed the creation of the littlejoespizzanyc website, including directing the use of the fifteen photographs on the website that show Sergio Ramirez while employed by Plaintiff, display Plaintiff's registered trademarks, show Plaintiff's JOE'S PIZZA restaurant locations, and show some of Plaintiff's celebrity customers.  Additionally, Sergio Ramirez supplied these photographs and

directed that they be displayed inside of Defendants' restaurant.

D. <u>Press Coverage Re the Opening of Defendants' Pizza Restaurant Fuels Confusion/Association</u>

45.     On November 24, 2014, <u>*Eater*</u> New York published an article about the opening of Defendants' pizza restaurant which made numerous references to Plaintiff's business.  It even used a photo of Defendant Sergio Ramirez at a JOE'S PIZZA restaurant, obviously supplied by Sergio Ramirez.  The article spun the opening of Defendants' business in a manner which suggested that Sergio Ramirez was a seasoned pizza maker by presenting him as the person "at the helm of the pizza oven," and it suggests that he was formerly a JOE'S PIZZA pizza maker for Plaintiff, which was not the case. **Exhibit S**.

46.     Also, thereafter, *Evgrieve.com* published an article prominently featuring the signage on Defendants' pizza business storefront. That article reports that the proprietors of the newly opened establishment are "all veterans" of Joe's Pizza on Carmine Street.  See **Exhibit T** annexed hereto.  That information was provided to *Evgrieve* by Defendants, and is untrue.

47.     In response to the article in *Evgrieve.com*, one customer posted a message saying he is confused by the connection between Plaintiff's and Defendants' business but would try the new location because he likes Plaintiff's pizza.  See Exhibit T.  Another reader commented that he had visited Defendants' restaurant - "sort of excited when I saw this article thinking another location could this be true!!!"  The reader believed that Defendants' business was associated with Plaintiff's business based on a photo showing Plaintiff's Bleecker Street and Carmine Street locations on the walls of Defendants' business.  See Exhibit T.

48.     There is no doubt that Plaintiff's patrons and the public have been and will be confused by Defendants' use of marks belonging to JOE'S PIZZA on the t-shirts worn by Sergio

Ramirez next to Plaintiff's celebrity clients to endorse Defendants' business.  Actual confusion is a foregone conclusion.  For example, on FOODGUYNY's  Instagram, one consumer commented on a picture from Defendants' restaurant: "I knew it had to be related to joes. Deff a try tomorrow".  See **Exhibit U** annexed hereto.  Not only the Plaintiff but Plaintiff's patrons and the public will be harmed and damaged unless this Court grants the relief requested herein.

49.     Public confusion and association of the businesses are further evident on Skinny Pig's Instagram page, annexed as **Exhibit V**.

50.     Immediately upon learning of the opening of Defendants' business, Plaintiff requested its counsel to send a Cease and Desist letter to Defendants and such letter was sent on immediately November 25, 2014. See **Exhibit W** annexed hereto.

51.     Plaintiff demanded that Defendants' cease their unlawful and infringing conduct and provide Plaintiff with assurances they had done so by December 1, 2014.  After Defendants' receipt of the letter Plaintiff's counsel spoke to two separate attorneys who initially appeared to have been engaged by Defendants, but one attorney later said he was disengaged, and the other never followed up with a response to Plaintiff's letter.

52.     Despite receipt of Plaintiff's counsel's letter, Defendants continue their blatant infringing and injurious actions, to Plaintiff's determent and despite actual public confusion.

COUNT I

<u>VIOLATION OF 15 U.S.C. §1114</u>
(Trademark Counterfeiting)

53.     This cause of action arises under § 32 of the Lanham Act, as amended, 15 U.S.C. §1114 et seq., for counterfeiting of a federally registered mark.

54.     Plaintiff repeats and realleges the allegations contained in the forgoing

paragraphs 1 through 52 as though fully set forth herein.

55.     The foregoing acts of the Defendants are likely to cause confusion, mistake and deception in commerce among members of the purchasing public and the trade as to the true source, origin, or sponsorship of their restaurant services provided by a pizza establishment.

56.     Use by Defendants of the federally registered marks JOE'S PIZZA (Stylized) and JOE'S PIZZA Logo for restaurant services in photos hanging on the walls of Defendant's business location and on Defendant's website constitutes clear and direct counterfeiting of Plaintiff's rights in and to its two federally registered marks.

57.     Defendants' acts have been committed with the knowledge that that such imitation is intended to be used to cause confusion, or to cause mistake or to deceive the consumer and the public.

58.     Defendants have willfully and intentionally used Plaintiff's registered marks to connect their business to Plaintiff and Plaintiff's pizza restaurant.

59.     The acts of Defendants described herein were undertaken without the permission, license or consent of Plaintiff.

60.     As a result of Defendants' acts, Plaintiff has suffered irreparable injury. Plaintiff has no adequate remedy at law.

61.     Plaintiff is entitled to an order preliminarily and permanently enjoining and restraining the Defendants from engaging in said acts as provided under 15 USC Section 1116(a), and to a seizure upon ex-parte application as provided under 15 USC § 1116(d)(1).

62.     Plaintiff is entitled to three times the amount of its profits or damages, together with reasonable attorney's fees, as permitted in 15 U.S.C. §1117.

COUNT II

<u>VIOLATION OF 15 U.S.C. §1114</u>
(Trademark Infringement –Federally Registered Mark)

63.     This cause of action arises under §32 of the Lanham Act, as amended, 15 U.S.C. §1114 et esq., for infringement of a federally registered mark.

64.     Plaintiff repeats and realleges the allegations contained in the forgoing paragraphs 1 through 62 as though fully set forth herein.

65.     The foregoing acts of the Defendants are likely to cause confusion, mistake and deception in commerce among members of the purchasing public and the trade as to the true source, origin, or sponsorship of their restaurant services.  Use by Defendants of the mark LITTLE JOE'S PIZZA constitutes clear and direct infringement of Plaintiff's rights in and to its federally registered mark JOE'S PIZZA (Stylized).

66.     The mark LITTLE JOE'S PIZZA is identical with or substantially indistinguishable from Plaintiff's mark for the identical services registered by Plaintiff for its mark.

67.     Defendants' acts have been committed with the knowledge that that such imitation is intended to be used to cause confusion, or to cause mistake or to deceive the consumer and the public.

68.     Defendants have intentionally used the mark LITTLE JOE'S PIZZA knowing such mark is an infringing mark in connection with restaurant pizza services.

69.     The acts of Defendants described herein were undertaken without the permission, license or consent of Plaintiff.

70.     As a result of Defendants' actions, Plaintiff has suffered irreparable injury. Plaintiff has no adequate remedy at law.

71.     Plaintiff is entitled to an order preliminarily and permanently enjoining and restraining the Defendants from engaging in said acts as provided under 15 U.S.C. §1116(a).

72.     Plaintiff is entitled to three times the amount of its profits or damages, together with reasonable attorney's fees, as permitted in 15 U.S.C. §1117.

COUNT III

VIOLATION OF 15 U.S.C. §1125(a)
(False Designation of Origin and False and Fraudulent Representations)

73.     This cause of action arises under §43(a) of the Lanham Act, as amended, 15 U.S.C. §1125(a), for false designation of the origin and false description and representation.

74.     Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs 1 - 72 as though fully set forth herein.

75.     The foregoing acts of the Defendants constitute false designation of origin, false description and false representations in commerce that the Defendants' restaurant is that of Plaintiff, or is sponsored, approved, authorized by or affiliated with Plaintiff.

76.     The Defendants' actions have caused and will continue to cause confusion or mistake among consumers and the public as to the true origin, source, sponsorship or affiliation of the Defendants' restaurant services in violation of §43(a) of the Lanham Act, as amended.

77.     Plaintiff has no control over the quality of the food served at Defendants' restaurant, with the result that Plaintiff's valuable goodwill in its marks will be damaged.

78.     As a result of the Defendants' acts, Plaintiff has and will suffer irreparable injury. Plaintiff has no adequate remedy at law for the Defendants' continued acts.

79.     Plaintiff is entitled to an order preliminarily and permanently enjoining and restraining the Defendants from engaging in said acts.

18

80.     Plaintiff is entitled to damages, to be trebled, for the willful and intentional conduct of Defendants.

COUNT IV

VIOLATION OF 15 U.S.C. §1125(d)
(Cybersquatting)

81.     Plaintiff repeats and realleges each allegation in paragraphs 1 to 80 hereof as if fully set forth herein.

82.     This cause of action for federal trademark cybersquatting arises under 15 U.S.C. §1125(d).

83.     Defendants registered and have maintained a website at the domain name <www.littlejoespizzanyc.com> with knowledge of Plaintiff's rights in Plaintiff's trademarks and Plaintiff's website at www.joespizzanyc.com.

84.     Defendants registered and have maintained the said domain name with the intent to divert customers from Plaintiff and to associate themselves with Plaintiff.

85.     Defendants registered and have maintained this domain name with the intent to profit from the fame and notoriety of Plaintiff's trademarks.

86.     Upon information and belief, Defendants registered and have maintained this domain name despite the fact that there is no owner of Defendants' business named "Joe."

87.     Defendants registered and have maintained this domain name despite the fact that they own no intellectual property rights in any portion of the domain name.

88.     For the reasons described herein and to be discovered in this case, Defendants have acted in bad faith in registering and operating a website at the domain name <www.littlejoespizzenyc.com>.

89.     Defendants' foregoing activities have irreparably damaged Plaintiff and have further caused Plaintiff monetary damages in an amount as yet unknown, but if Defendants' foregoing activities continue, it is believed that the damage to Plaintiff will exceed $5,000,000. Defendants' wrongful acts have caused and will continue to cause Plaintiff to suffer irreparable harm for which it has no adequate remedy at law.

COUNT V

VIOLATION OF NEW YORK GEN. BUS. LAW §360-l and 349-h
(Injury to Business Reputation and Deceptive Business Practices)

90.     Plaintiff repeats and realleges each allegation in paragraphs 1 to 89 hereof as if fully set forth herein.

91.     By reason of the practices and acts set forth above, Defendants have injured Plaintiff's business reputation.

92.     The foregoing activities of Defendants are without the permission, license or consent of Plaintiff and, unless enjoined by this Court, Defendants will continue these practices and acts, thereby harming Plaintiff's business reputation and causing Plaintiff immediate and irreparable injury.

93.     Defendants' wrongful acts violate §360-I and 349-h of the New York General Business Law.

94.     Defendants' foregoing activities have irreparably damaged Plaintiff's reputation and have further caused Plaintiff monetary damages in an amount as yet unknown, but if Defendants' foregoing activities continue, the damage to Plaintiff will exceed $5,000,000. Defendants' wrongful acts have caused and will continue to cause Plaintiff to suffer irreparable harm for which it has no adequate remedy at law.

20

COUNT VI

UNFAIR COMPETITION AND MISAPPROPRIATION UNDER THE COMMON LAW

95.     Plaintiff repeats and realleges each allegation in paragraphs 1 to 93 hereof as if fully set forth herein.

96.     The aforesaid activities of Defendants misappropriate and trade upon the fine reputation and goodwill of Plaintiff, thereby injuring that reputation and goodwill, and unjustly divert from Plaintiff to Defendants the benefits rightfully belonging to Plaintiff.

97.     The aforesaid activities of Defendants constitute unfair competition, false advertising and misappropriation as proscribed by the common law.

98.     The aforesaid activities of Defendants are likely to result in confusion between Defendants' pizza establishment and Plaintiff and/or Plaintiff's pizza establishments, and the establishments of current or future licensees of Plaintiff's.

99.     The aforesaid activities of Defendants have caused and will cause Plaintiff to sustain monetary damage, loss and injury.

100.     The aforesaid activities of Defendants have been undertaken in bad faith.

101.     Defendants have engaged and continue to engage in the foregoing activities knowingly and willfully and in total disregard of Plaintiff's intellectual property rights.

102.     Defendants' foregoing activities have irreparably damaged Plaintiff and have further caused Plaintiff monetary damages in an amount as yet unknown, but if Defendants' foregoing activities continue, the damage to Plaintiff will exceed $5,000,000.  Defendants' wrongful acts have caused and will continue to cause Plaintiff to suffer irreparable harm for which it has no adequate remedy at law.

**WHEREFORE**, Plaintiff prays for a judgment against Defendants as follows:

21

A.     Finding that Defendants have counterfeited Plaintiff's mark JOE'S PIZZA (Stylized) and JOE'S PIZZA Logo in violation of the Lanham Act, 15 U.S.C. §1114 and Defendants are thus liable to Plaintiff for treble damages or profits therefore;

B.     Finding that Defendants have infringed Plaintiff's marks JOE'S PIZZA (Stylized) and JOE'S PIZZA Logo in violation of the Lanham Act, 15 U.S.C. §1114 and Defendants are thus liable to Plaintiff for damages or profits therefore;

C.     Finding that Defendants have violated 15 U.S.C. §1125 (a) of the Lanham Act, and Defendants are thus liable to Plaintiff for damages or profits therefor;

D.     Finding that Defendants have violated 15 U.S.C. §1125 (d) of the Lanham Act, and Defendants are thus liable to Plaintiff for damages or profits therefor;

E.     Finding that Defendants have violated New York General Business Law §360-l and 349-h, and Defendants are thus liable to Plaintiff for damages or profits therefor;

F.     Finding that Defendants' actions constitute unfair competition and misappropriation under the common law of the State of New York and Defendants are thus liable in damages therefor;

G.     Enjoining Defendants preliminarily during the pendency of this action and permanently hereafter from:

i.     Using the Plaintiff's marks JOE'S PIZZA (Stylized) and JOE'S PIZZA Logo, or any mark that incorporates Plaintiff's marks, in any manner;

ii.     Using any mark confusingly similar to Plaintiff's registered marks JOE'S PIZZA (Stylized) and JOE'S PIZZA Logo, including but not limited to Defendants' use of the mark LITTLE JOE'S PIZZA in any font or style;

iii.     Operating Defendants' pizza restaurant under the business name

22

LITTLE JOE'S PIZZA or any other name that is likely to cause confusion or in any way be associated with Plaintiff or with any of Plaintiff's marks or business;

iv.      Misleading the public into thinking that Defendants' pizza business is associated with, sponsored or endorsed by Plaintiff by, including but not limited to, using images of Plaintiff's businesses, using images taken at Plaintiff's business in the marketing and promotion of Defendants' business, and/or making statements to third parties regarding Defendants which are false or misleading and/or deceptive in an effort to connect Defendants or their business to Plaintiff or Plaintiff's business; and

v. using the domain name littlejoespizzanyc.com;

G.      Directing Defendants to deliver to Plaintiff for destruction all signs, banners, photographs, promotional or advertising items (including pizza boxes and bags) that infringe the Plaintiff's marks and/or which Defendants are hereinabove enjoined from using;

H.      Awarding Plaintiff its damages from Defendants' wrongful acts, such damages to be trebled;

I.      Directing Defendants to take down the LITTLE JOE'S PIZZA signage immediately;

J.      Directing Defendants to take down the photographs complained of herein immediately;

K.      Directing Defendants to transfer to Plaintiff any and all domain name registrations that include the phrases "joespizza" or "littlejoes", including but not limited to the <www.littlejoespizzanyc.com> domain name registration;

L.      Directing Defendants to account to Plaintiff for all profits resulting from Defendants' infringing activities and awarding Plaintiff such profits, such profits to be trebled;

immediately;

        J.      Directing Defendants to take down the photographs complained of herein

immediately;

        K.     Directing Defendants to transfer to Plaintiff any and all domain name

registrations that include the phrases "joespizza" or "littlejoes", including but not limited to the

<www.littlejoespizzanyc.com> domain name registration;

        L.      Directing Defendants to account to Plaintiff for all profits resulting from

Defendants' infringing activities and awarding Plaintiff such profits, such profits to be trebled;

        M.    Awarding Plaintiff's attorneys fees and costs; and

        N.     Awarding Plaintiff such other and further relief as the Court may deem just

and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all facts so triable.

Dated:   New York, New York
          December 10, 2014

                      GOTTLIEB, RACKMAN & REISMAN, P.C.

                      By:_____
                          Maria A. Savio (MAS 7756)
                          Marc P. Misthal (MPM 6636)
                          Ariel S. Peikes (ASP 9157)

                      270 Madison Avenue
                      New York, New York 10016
                      Phone: (212) 684-3900
                      Fax:    (212) 684-3999
                          msavio@grr.com
                          mmisthal@grr.com
                          apeikes@grr.com

                      Attorneys for Plaintiff