USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/28/20

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FAMOUS JOE'S PIZZA, INC., a New York Corporation, <br><br> Plaintiff, <br><br> -against- <br><br> S&N PIZZERIA, INC., a New York Corporation d/b/a LITTLE JOE'S PIZZA; NATALIA RAMIREZ, an individual; SERGIO RAMIREZ, an Individual; and JOHN DOES 1-5. <br><br> Defendants. | ECF CASE <br> Civil Action No. 1:14-cv-9742 (GHW) <br><br><br> AMENDED CONSENT ORDER, FINAL JUDGMENT AND PERMANENT INJUNCTION |

WHEREAS plaintiff Famous Joe's Pizza, Inc., has filed an Order to Show Cause why this Court should not find Defendants S&N Pizzeria, Inc., Natalia Ramirez, both individually and d/b/a Little Joe's Pizza, Sergio Ramirez, and their privies including but not limited to NYC Little Gios Pizza Place Inc. and Gios East Village Pizza Place Inc., both New York entities, in contempt for violation of the Consent Order, Final Judgment, and Permanent Injunction (Dkt. 53) (the "Permanent Injunction") so Ordered by the Court on August 26, 2015; and

WHEREAS, the parties have stipulated to the entry of this Amended Consent Order, Final Judgment and Permanent Injunction in favor of Plaintiff; it is

ORDERED, ADJUDGED AND DECREED that:

A)   This Court has jurisdiction over the entire subject matter of this action as set forth in the Amended Complaint. This Court has and retains jurisdiction over the person of defendants. Venue is proper. This Court shall have continuing jurisdiction to enforce this injunction and other relief entered herein.

B)   Defendants S&N Pizzeria, Inc., Natalia Ramirez, both individually and d/b/a Little

Joe's Pizza, Sergio Ramirez, and John Does 1-5, and all those who receive a copy of this Order and are in any way affiliated with the business identified as "Little Joe's Pizza," their agents, servants, employees, officers, attorneys, and all persons in active concert and participation with them including but not limited to a New York entity identified and served herein named Little Gios Pizza Place Inc., and another New York entity named Gios East Village Pizza Place Inc. (hereinafter "Defendants"), are hereby permanently enjoined from:

1. Using the Plaintiff's registered mark JOE'S PIZZA (Stylized) of USPTO Registration No. 4333540, shown here:



and here:



and the mark JOE'S PIZZA Logo of USPTO Registration No. 4402507, shown here:



or the name and mark JOE'S PIZZA in any manner whatsoever and in any font or style;

2. Using any mark confusingly similar to Plaintiff's registered marks JOE'S

PIZZA (Stylized) and JOE'S PIZZA Logo, including but not limited to the mark LITTLE JOE'S PIZZA, shown here:



and here:



in any manner whatsoever and in any font or style;

3. Using signage at Defendants' business premises that uses the word "JOE'S" in any manner and in any font or style, including but not limited other words that include the word "Joe's" or variations such as "Joe," "Joes," "Joey's," "Joels," "Joel's, "Jio's," "Jios," "Jio," "Gio's," "Gios" or "Gio;"

4. Making statements which suggest that there is an association between Defendants' business and Plaintiff or to Plaintiff's business;

5. Wearing apparel which does not meet the restrictions of Paragraphs 1 through 4 hereinabove;

6. Using any menus or printed materials that bear the word "JOE'S" in any manner and in any font or style;

7. Advertising or promoting the Defendants' business as "Joe's Pizza," or any other business name that includes the word "Joe's" or variations thereof such as "Joe," "Joes," "Joey's," "Joels," "Joel's, "Jio's," "Jios," "Jio," "Gio's," "Gios" or "Gio;"

8. Maintaining a website at the domain <www.littlejoespizzanyc.com> or any other domain that incorporates the word "Joe."

And it is FURTHER ORDERED that:

9. At and in connection with Defendants' physical restaurant, or at any of Defendants' current or future websites, social media accounts, FACEBOOK pages, TWITTER accounts, INSTAGRAM accounts, Seamless accounts, Yelp accounts, and other means for promoting, advertising or marketing Defendants' restaurant or the means for rendering Defendants' restaurants services, Defendants are permanently enjoined from:

  a. Displaying Plaintiff's registered marks JOE'S PIZZA (Stylized) or JOE'S PIZZA Logo;

  b. Displaying Plaintiff's common law mark JOE'S PIZZA in any font or format;

  c. Displaying any images taken on the premises of or outside of Plaintiff's business;

  d. Displaying any images of Plaintiff's customers with any of Plaintiff's current or ex-employees including Sergio Ramirez;

  e. Displaying any images of Plaintiff's celebrity customers who endorse Plaintiff's business by posing with current or ex-employees of Plaintiff;

  f. Displaying or making any references to Plaintiff or Plaintiff's business;

  g. Altering images taken of Sergio Ramirez with Plaintiff's celebrity customers and using those images in connection with Defendants' business;

  h. Doing any other act which misleads the public into thinking that

        Defendants' pizza restaurant and/or business belongs to Plaintiff or is in any way associated with, sponsored or endorsed by the Plaintiff;

    i. Operating Defendants' business under any business and corporate name that is likely to cause confusion or in any way be associated with Plaintiff or Plaintiff's business; and

    j. Doing any act which violates the Permanent Injunction entered by this Court in this action.

10. Defendants shall continue to take reasonable steps to ensure that telephone and all other listings which assist customers in locating Defendants' business online and otherwise shall comply with this Order.

11. Defendants shall ensure that their listing on <Seamlessweb.com> and on any other food delivery platforms and/or social media pages comply with this Order.

12. Defendants shall continue to take reasonable steps to ensure that any press releases they previously issued inconsistent with this Order be retracted;

13. Defendants shall not state that Sergio Ramirez previously worked for Plaintiff unless it is also disclosed in that context that Sergio Ramirez's only responsibilities, while employed by Plaintiff, were to undertake deliveries and work the cash register.

14. Notwithstanding anything hereinabove, Defendants may use the name and mark "Little Gio's Pizza" for their businesses, in Defendants' signage (including storefront signs, inside store signs and exterior blades), and on the Internet in displays of the business name and mark, so long as:

  a) the word "Little" precedes "Gio's;" and

  b) the overall size of the word "Little" is at least ½ (one half) the size of the word Gio's; and

  c) the word Gio's does not appear in **any** script font, and

d) the word Gio's does not ascend left to right; and

e) the word Gio's does not appear in red letters on a white background.

Notwithstanding the foregoing restrictions and despite the fact that the signage shown below does not comply with the restrictions set forth in this paragraph, Plaintiff accepts the use of the signage shown hereinbelow.  Should the below shown signage, however, be modified in any way in the future including by the use of new or different lighting technology for the signage, strict compliance with Sections a, b, c, d and e of this Paragraph shall be required.

PRINTER DRAWINGS





IMAGES OF SIGNS IN PLACE





 

15. The parties hereto each fully and unconditionally release, acquit and forever discharge the other, and the other's affiliates, parent company or companies, subsidiaries and each of their respective past, present and future agents, representatives, predecessors, successors, subrogees, assigns, officers, directors, attorneys, employees, partners, former partners, affiliated companies and subsidiaries of and from all liability, rights, claims, demands, damages, costs, expenses, actions, causes of action, suits of liability and controversies raised, or that could have been raised in any proceeding and/or any other potential action that could have been raised since the beginning of time until the execution of the Amended Order. .

Consented to by Defendants:

S&N Pizzeria, Inc.,

_____
By:
Its
Dated:

 

15. The parties hereto each fully and unconditionally release, acquit and forever discharge the other, and the other's affiliates, parent company or companies, subsidiaries and each of their respective past, present and future agents, representatives, predecessors, successors, subrogees, assigns, officers, directors, attorneys, employees, partners, former partners, affiliated companies and subsidiaries of and from all liability, rights, claims, demands, damages, costs, expenses, actions, causes of action, suits of liability and controversies raised, or that could have been raised in any proceeding and/or any other potential action that could have been raised since the beginning of time until the execution of the Amended Order. .

Consented to by Defendants:

S&N Pizzeria, Inc.,

By: Natalie Ramirez
Its President
Dated: January 21, 2020

8

Little Gios Pizza Place Inc.

_____
By: Sergio Ramirez
Its President
Dated: January 21, 2020


Gios East Village Pizza Place Inc.

_____
By: Sergio Ramirez
Its President
Dated: January 21, 2020


_____
Natalia Ramirez, an individual


_____
Sergio Ramirez, an individual



Consented to by Plaintiff:

Famous Joe's Pizza, Inc.

_____
By: Pino Pozzuoli, Jr.
Its: Secretary, Vice President
Dated: January 21, 2020

Consented as to form by Counsel

For Plaintiff:

/s/ Maria A. Savio
_____
Maria A. Savio, Esq.
Gottlieb, Rackman & Reisman, P.C. 270
Madison Avenue
New York, New York 10016


For Defendants:

/s/ Robert S. Broder
_____
Robert S. Broder, Esq.
Robert S. Broder, PLLC
1129 Northern Blvd. – Suite 404
Manhasset, NY 11030


SO ORDERED.

Dated: January 28, 2020
New York, New York

_____
GREGORY H. WOODS
United States District Judge